*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* S. K. JACKSON, Minor.

UNPUBLISHED
February 24, 2022

No. 357089
Otsego Circuit Court
Family Division
LC No. 18-000016-NA

Before: CAVANAGH, P.J., and JANSEN and RIORDAN, JJ.

PER CURIAM.

Respondent-father appeals by delayed leave granted[1] the trial court's order terminating his parental rights to the minor child, SKJ, pursuant to MCL 712A.19b(3)(c)(*ii*) (no reasonable likelihood that the existing conditions will be rectified).[2] Because respondent-father's jurisdictional plea was not knowingly and voluntarily made, we vacate the trial court's order of adjudication and its order terminating respondent-father's parental rights, and remand to the trial court for further proceedings.

## I. BACKGROUND

The Department of Health and Human Services (DHHS) filed a petition seeking jurisdiction over SKJ pursuant to MCL 712A.2(b)(1) (child without proper custody or guardianship) in March 2018. The sole factual basis for petitioner's request, with respect to respondent-father, was his incarceration. On July 17, 2018, respondent-father entered a plea of admission, and the trial court assumed jurisdiction. Respondent-father's parental rights were terminated following a trial on March 12, 2021. This appeal followed.

## II. DISCUSSION

---

[1] *In re S K Jackson, Minor*, unpublished order of the Court of Appeals, entered August 31, 2021 (Docket No. 357089).

[2] This order also terminated the parental rights of SKJ's mother; however, she is not a party to this appeal.

Respondent-father argues that he is entitled to relief because he was not properly advised of the consequences of his decision to enter a plea of admission. We agree.

"Whether child protective proceedings complied with a parent's right to due process presents a question of constitutional law" which we review de novo. *In re Ferranti*, 504 Mich 1, 14; 934 NW2d 610 (2019). However, respondent-father did not challenge the validity of his plea in the trial court, so this issue is unpreserved. *In re TK*, 306 Mich App 698, 703; 859 NW2d 208 (2014). Unpreserved issues are reviewed for plain error affecting substantial rights. See *In re Utrera*, 281 Mich App 1, 8; 761 NW2d 253 (2008). This standard requires a respondent to "establish that (1) error occurred; (2) the error was plain, i.e., clear or obvious; and (3) the plain error affected [his or her] substantial rights. And the error must have seriously affected the fairness, integrity or public reputation of judicial proceedings." *In re Ferranti*, 504 Mich at 29 (quotation marks, citations, and alterations omitted).

A trial court may assume jurisdiction in a child protective matter following "a plea of admission or of no contest to the original allegations in the petition." MCR 3.971(A). The advice of rights that must be given during such a plea is governed by MCR 3.971(B), and the version that was effective at the time of respondent-father's plea provided:[3]

> Before accepting a plea of admission or plea of no contest, the court must advise the respondent on the record or in a writing made a part of the file:
>
> (1) of the allegations in the petition
>
> (2) of the right to an attorney, if respondent is without an attorney;
>
> (3) that, if the court accepts the plea, the respondent will give up the rights to
>
> (a) trial by a judge or trial by a jury,
>
> (b) have the petitioner prove the allegations in the petition by preponderance of the evidence,
>
> (c) have witnesses against the respondent appear and testify under oath at the trial,
>
> (d) cross-examine witnesses, and
>
> (e) have the court subpoena any witnesses the respondent believes could give testimony in the respondent's favor.

---

[3] This court rule was amended contemporaneously with our Supreme Court's opinion in *In re Ferranti*.

(4) of the consequences of the plea, including that the plea can alter be used as evidence in a proceeding to terminate parental rights if the respondent is a parent.

MCR 3.971(D)(1)[4] provides that "[t]he court shall not accept a plea of admission or of no contest without satisfying itself that the plea is knowingly, understandingly, and voluntarily made." Parents "have a fundamental right to direct the care, custody, and control of" their children, and these rules reflect the federal constitution's due-process guarantee that "for a plea to constitute an effective waiver of a fundamental right, the plea must be voluntary and knowing." *In re Ferranti*, 504 Mich at 21.

In the present case, the following discussion occurred concerning respondent-father's rights prior to his plea of admission:

> *Respondent-father's Attorney*:  I wanted [respondent-father] to understand that today—and I think he does, but I want to say it affirmatively that today is not a termination trial.  He is not losing his parental rights.  The mother did not lose her parental rights.  It is a jurisdiction case in which the Court has oversight of a child once there is jurisdiction to provide services.  And I spoke to the prosecutor just a moment ago and the goal at this point is reunification.  They want to restore the child with the mother if the services are followed through, for the most part.

> In this case I explained to [respondent-father] that care and custody is the issue.  It doesn't mean he doesn't care about the child.  It means he cannot presently take custody of the child because he is incarcerated, so it's an unintentional jurisdiction case.  It's a civil case.  It's not a criminal case.

> He does, as I always explain, have the right to a trial.  At the trial the prosecutor would have to prove that you are unable to have custody of the child, which, you know, we've established because of your incarceration, which is going to be at least a year or two, that you simply can't accomplish that.  You still have the right to that trial and to provide testimony.  Alternatively, you could indicate to the Court that since you are in custody—you are incarcerated, you can't presently take custody of the child.

> One of the things we talked about was what the mother was going to do and today she did give the Court jurisdiction under her plea in this case.  So having said all that, do you, [respondent-father], understand the nature of the case as it is right now?

> *Respondent-father*:  Yeah.

> *Respondent-father's Attorney*:  And so, would it be your choice to have the State present evidence, or would you provide the Court the jurisdiction as the

---

[4] This rule was MCR 3.971(C)(1) at the time of respondent-father's plea, but the actual contents of the rule have not been changed.

mother did?  It's completely up to you.  I don't want you to feel pressured either way?

>    *Respondent-father*:  Provide—I'll plea out.

The trial court itself did not explain to respondent-father any of his rights or the consequences of his plea.

The advice of rights in this case was inadequate.  Respondent-father was not informed on the record that he could have had a trial by jury, that petitioner's burden would have been to prove the allegations by a preponderance standard, that he would have had the opportunity cross-examine petitioner's witnesses, that he could have had the court subpoena witnesses to testify on his behalf, or that his plea could be used as evidence against him in a subsequent termination proceeding. Indeed, respondent-father's attorney emphasized that the proceeding was "not a termination trial" and that respondent-father was "not losing his parental rights."  Thus, the trial court plainly erred by violating MCR 3.971, and under *In re Ferranti*, he is entitled to relief.  See *In re Ferranti*, 504 Mich at 30-31.

Petitioner does not dispute that respondent-father was not properly advised of his rights. Instead, petitioner argues that the error was harmless.  But, to establish that a plea offered without a proper advice of rights was harmless, it is not sufficient to show that DHHS would have prevailed if the case had proceeded to an adjudication trial.  *Id.* at 30.  Rather, the error could be harmless if the trial court substantially complied with the requirements of MCR 3.971(B) and if the record is sufficient to support an inference that the respondent "understood the nature and the consequences of" the plea.  See *In re Pederson*, 331 Mich App 445, 467-470; 951 NW2d 704 (2020).  In other words, the court rule is not a blind mechanism, and it need not be applied by rote where the underlying goal—ensuring that the plea is truly knowing and voluntary—has been satisfied.

In this case, the trial court failed to apprise respondent-father of nearly all of the rights articulated in MCR 3.971(B), and the record does not support a conclusion that respondent-father was nonetheless aware of those rights or the consequences of his plea.  Petitioner's argument that the error did not affect respondent-father's substantial rights is primarily based upon the contention that the evidence in favor of termination was strong.  However, this is irrelevant to the analysis of whether the improper plea warrants relief.  The first question is whether the trial court substantially complied with MCR 3.971(B), and, as discussed above, the trial court did not because respondent-father was not informed of most of his rights.  *Pederson*, 331 Mich App at 467-470.  The second question is whether the record provides a basis upon which to infer that respondent-father nonetheless understood the consequences of his plea.  *Id.*  We have found no evidence in the record, and petitioner points to none, that could support an inference that respondent-father understood most of his trial rights or that his admissions could be used against him.  Therefore, under *In re Ferranti*, we are compelled to order further proceedings.

## III.  CONCLUSION

Respondent-father's plea was invalid, and as a result, the trial court did not properly exercise jurisdiction.  Accordingly, we vacate its order of adjudication and its order terminating

respondent-father's parental rights, and remand to the trial court for further proceedings consistent with this opinion.  We do not retain jurisdiction.


/s/ Mark J. Cavanagh
/s/ Kathleen Jansen
/s/ Michael J. Riordan